UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

JOHN NUNNALLY,

               Plaintiff,               Case No. 2:12-cv-378

v.                                              HON. GORDON J. QUIST

JEFFREY WOODS, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner John Nunnally pursuant to 42 U.S.C. § 1983. On February 25, 2014, the court granted summary judgment to Defendants Anderson, Crisp, MacDonald, Nichols and Swift for failure to exhaust administrative remedies. The remaining defendants in this case are Unknown Eicher, Colleen Brown and Jacqueline Mertaugh. Defendant Eicher has now filed a motion for summary judgment, arguing that plaintiff failed to exhaust his grievance remedies and the claims against him should be dismissed (docket #38). Plaintiff filed a response (docket #41) on February 18, 2014. Upon review, I recommend that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be denied.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for

determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

In Plaintiff's complaint, he alleges that On June 5, 2011, Defendant Eicher stopped Plaintiff and asked him if he had a problem, taking Plaintiff's identification card and writing several false charges on Plaintiff. Plaintiff was found guilty of the misconduct by Defendant Brown despite the fact that Plaintiff did not have a rule book and was not given law library time to prepare a defense. The Warden's office denied Plaintiff's appeal. On June 9, 2011, Defendants Eicher and Anderson searched Plaintiff's area and removed his television, trimmers, typewriter, and calculator. Defendant Eicher told Plaintiff that he had read Plaintiff's letter to the Warden and this was what happened to complainers in the U.P. During this time, Defendant Eicher was scratching on the top and side of the television with a piece of metal. Shortly thereafter, Defendant Anderson told Plaintiff, "You Niggers will learn who really runs this place." Plaintiff filed a grievance on Defendant Anderson, which "came up missing" from the unit mailbox." Plaintiff received a class III misconduct for contraband, which asserted that the television and trimmers had been renumbered. Following a hearing by Defendant Collen Brown, the institutional property room was contacted and Plaintiff produced his receipt. Thereafter, Plaintiff's television was returned to him. Plaintiff mailed the damaged television home on November 15, 2011.

Defendant Eicher claims that he is entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies.

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being

4

grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 120 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendant Eicher states that for the reasons set forth in the August 13, 2013, motion for summary judgment filed by Defendants Anderson, Brown, Crisp, MacDonald, Mertaugh, Nichols, and Swift, he is entitled to summary judgment in this case. However, in Plaintiff's response to Defendant Eicher's motion for summary judgment, he offers copies of grievances, grievance appeals, and the response to the appeals. A review of the exhibits to Plaintiff's response reveal that

5

Plaintiff wrote a grievance on Defendant Eicher on June 9, 2011, which was received on June 16, 2011. Defendant Brown responded to the grievance on June 27, 2011. On June 30, 2011, Plaintiff requested a step II grievance form, listing the grievance as URF-11-06-1953-17A. A step II form was sent to Plaintiff on July 5, 2011. On July 7, 2011, the grievance was rejected because Plaintiff had used the wrong identifier number. Plaintiff acquired the correct identifier number from Defendant Brown's response and submitted a second step II grievance on July 12, 2011. The second step II was denied by Warden Jeffrey Woods on July 27, 2011. Plaintiff subsequently filed a step III appeal, which was denied on October 20, 2011. *See* Plaintiff's Exhibits to the Response to Defendant Eicher's motion for summary judgment, docket #41-1. Therefore, it appears that Plaintiff exhausted his administrative remedies against Defendant Eicher.

For the foregoing reasons, I recommend that Defendant Eichers' motion for summary judgment (docket #38) be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 26, 2014

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).