UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN NUNNALLY #181375,

                Plaintiff,                Case No. 2:12-cv-378

v.                                      HON. GORDON J. QUIST

JEFFREY WOODS, *et al.*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner John Nunnally pursuant to 42 U.S.C. § 1983. On February 25, 2014, the court granted summary judgment to Defendants Anderson, Crisp, MacDonald, Nichols and Swift for failure to exhaust administrative remedies. The remaining defendants in this care are Daniel Eicher, Colleen Brown and Jacqueline Mertaugh. All three Defendants have now filed a motion for summary judgment (Doc. No. 71). Defendant Eicher argues that Plaintiff failed to establish a claim for First Amendment retaliation, and therefore the claims against him should be dismissed. Defendants Brown and Mertaugh argue that they were not personally involved in the activities that form the basis of Plaintiff's complaint, and therefore the claims against them should be dismissed. Plaintiff filed a response (Doc. No. 76) on October 16, 2014. Upon review, I recommend that the motion for summary judgment filed by Defendants Eicher, Brown, and Mertaugh be granted.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law.  FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for

determining whether summary judgment is appropriate is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union

of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must

consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable

inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th

Cir. 2005).

   In Plaintiff's complaint, he alleges that on June 5, 2011, Defendant Eicher stopped

Plaintiff and asked him if he had a problem, taking Plaintiff's identification card and writing several

false charges on Plaintiff.  Plaintiff was found guilty of the misconduct by Defendant Brown despite

the fact that Plaintiff did not have a rule book and was not given law library time to prepare a

defense.  The Warden's office denied Plaintiff's appeal.  On June 9, 2011, Defendants Eicher and

Anderson searched Plaintiff's area and removed his television, trimmers, typewriter, and calculator.

Defendant Eicher told Plaintiff that he had read Plaintiff's letter to the Warden and this was what

happened to complainers in the U.P.  During this time, Defendant Eicher was scratching on the top

and side of the television with a piece of metal. Shortly thereafter, Defendant Anderson told Plaintiff,

"You Niggers will learn who really runs this place."  Plaintiff filed a grievance on Defendant

Anderson, which "came up missing" from the unit mailbox."  Plaintiff received a class III

misconduct for contraband, which asserted that the television and trimmers had been renumbered. Following a hearing by Defendant Collen Brown, the institutional property room was contacted and Plaintiff produced his receipt. Thereafter, Plaintiff's television was returned to him. Plaintiff mailed the damaged television home on November 15, 2011. Defendant Eicher argues that he is entitled to summary judgment on Plaintiff's First Amendment claim because Plaintiff has failed to sufficiently provide evidence of retaliation.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, Plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in Defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001), *citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Defendant concedes that filing a prison grievance is a constitutionally protected act. Doc. No. 72, p. 10; *See Smith*, 250 F.3d at 1037; *Burton v. Rowley*, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). In respect to the second prong of *Thaddeus-X*, Plaintiff claims that Defendant Eicher seized his property during a cell search in retaliation for a letter Plaintiff sent to the Warden and Jeff Gerritt. Cell searches and confiscation of property may be considered sufficiently adverse to satisfy the adverse-action requirement of *Thaddeus-X*. *See Bell v. Johnson*, 308 F.3d 594, 606

(6th Cir. 2002) (citing *Walker v. Bain*, 257 F.3d 660, 664 (6th Cir. 2001)).  However, Plaintiff fails to provide evidence that the adverse action was motivated, at least in part, by the protected conduct.

In 2006, the Supreme Court concluded in *Hartman v Moore*, 547 U.S. 250 (2006), that a plaintiff bringing a First-Amendment retaliatory prosecution claim must plead and prove the absence of probable cause.  In *Barnes v. Wright*, 449 F.3d 709 (6th Cir. 2006), the Sixth Circuit held that, applying *Hartman,* a claim of First-Amendment retaliatory arrest requires a plaintiff to plead and prove the absence of probable cause.  The Supreme Court declined to decide whether a retaliatory arrest was actionable if supported by probable cause.  *See Reichle v. Howards*, 132 S. Ct. 2088 (2012).  Instead, the Court held that the officers were entitled to qualified immunity because it was not clearly established that an arrest supported by probable cause could give rise to a First Amendment violation.  *Id.* at 2097.

A prison misconduct charge does not precisely parallel either an arrest or a prosecution, because there is no actual prosecutor or arresting officer, only a charging officer and a hearing officer.  Nevertheless, a misconduct charge must be considered comparable to one of those two things.  Accordingly, under the reasoning of *Hartman* and *Barnes* collectively, a prisoner's claim of retaliatory misconduct must plead and prove the absence of probable cause.  Where a prisoner concedes the behavior but disputes the motive of the charging officer, the claims are clearly barred.  In the instant case, Plaintiff waived his right to a hearing, pleaded guilty to all charges, and waived his right to appeal.  Doc. No. 72-5, p. 2.  By doing so, Plaintiff is precluded from asserting that the motivation for Defendant Eicher's cell search was a desire to retaliate against Plaintiff.

Plaintiff next alleges that Defendant Eicher, in retaliation for the aforementioned letter, filed false misconduct reports against him.  To substantiate this claim, Plaintiff asserts that

4

Defendant Eicher had a history of performing retaliatory acts on other prisoners.  However, Plaintiff only provides documentation of a solitary incident where Defendant Eicher's misconduct report was considered unfounded by a hearing officer.  Doc. No. 77, p. 10.  This is hardly sufficient to establish a general pattern of misconduct by Defendant.

Plaintiff claims that on March 31, 2012, Defendant Eicher issued Plaintiff a false misconduct report.  A prisoner's claim that he was falsely accused of misconduct is barred where there has been a finding of guilt.  *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not subject to challenge in a § 1983 action).  Plaintiff received a formal hearing and was found guilty of all stated charges.  Doc. No. 77-2, p. 4.  Therefore, Plaintiff may not assert this misconduct report as grounds for his retaliation claim.  Plaintiff has failed to sufficiently establish a First Amendment retaliation claim against Defendant Eicher.

Defendants Brown and Mertaugh claim they are entitled to summary judgment due to a lack of personal involvement in opening Plaintiff's legal mail. Incoming mail has long been recognized to pose a greater threat to prison order and security than outgoing mail.  *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987).  The Michigan Department of Corrections may require that inmates specifically request that their legal mail be opened in their presence.  *Knop v. Johnson*, 667 F. Supp. 467, 473 (W.D. Mich. 1987), *appeal dismissed*, 841 F.2d 1126 (6th Cir. 1988).  Further, a prison can restrict the opening of special mail in the presence of the inmate to those situations wherein the sender is identified as an attorney and the envelope makes a specific restriction on the opening.  *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974).  With regard to mail from an inmate's attorney, prison officials have a right to open and inspect such mail for

5

contraband.  However, they may not read the mail and must allow the prisoner to be present, upon request, if the envelope is marked as confidential.  *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993); *see also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (court abandoned the *per se* rule that the Constitution requires that the opening and inspection of legal mail be in the presence of the inmate).

Plaintiff claims that his First Amendment rights were violated when his legal mail was opened outside of his presence.  However, Plaintiff fails to establish, or even assert, that Defendants Brown or Mertaugh were the staff members who opened his mail.  (Doc. No. 19-20). It is well established that a party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).  Therefore, Defendants Brown and Mertaugh cannot be held liable for Plaintiff's legal mail being opened.

Plaintiff makes note of the procedural difficulties he ran into while attempting to obtain special handling for his legal mail.  Specifically, Plaintiff asserts that MDOC Policy Directive 05.03.118 Section HH (effective Sept. 14, 2009)  merely requires a "written request" to have legal mail receive special handing, and therefore his first request should have been accepted.  However, it is commonplace for prisons to enact internal policies in order to increase administrative efficiency. Furthermore, after submitting his unformatted request, Plaintiff was quickly notified by Defendant

Mertaugh of the prison's policy. While this process may have gone more smoothly for Plaintiff, the actions of Defendants Brown and Mertaugh were never unconstitutional.

Plaintiff further claims that whoever opened his legal mail also removed two documents. Even if Plaintiff could identify the wrongdoer, he would need to show that the removal of the documents caused an actual injury to his pursuit of a legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). But an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993). Plaintiff fails to assert that he is unable to replicate the confiscated documents, or that he no longer has access to the legal materials by request. Furthermore, Plaintiff did not assert that Defendants Brown or Mertaugh were personally involved with the taking of his documents. Therefore, Defendants Brown and Mertaugh are entitled to summary judgment.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir.

7

1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, because Plaintiff cannot establish that his constitutional rights were violated, Defendants are entitled to qualified immunity.

For the foregoing reasons, I recommend that Defendants Eicher, Brown, and Mertaugh's motion for summary judgment (Doc. No. 71) be granted, and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate

filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will

be required to pay the $455 appellate filing fee in one lump sum.


 /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  July 2, 2015


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).