UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN NUNNALLY,

       Plaintiff,                                    Case No. 2:12-CV-378

v.                                                     Hon. Gordon J. Quist

JEFFREY WOODS, et al.,

       Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION**

On July 2, 2015, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment. Plaintiff, John Nunnally, has filed objections to the R & R, which the Court has reviewed de novo. For the reasons that follow, the Court will adopt the R & R in part and reject it in part.

*Defendant Eicher*

Plaintiff has alleged a retaliation claim against Eicher based, in part, on Eicher's issuance of a misconduct ticket to Plaintiff on June 5, 2011.[1] The magistrate judge recommended dismissal of this claim because Plaintiff pled guilty to the misconduct at issue in the ticket. Plaintiff objects to that conclusion, arguing that he never pled guilty.

Defendants' brief states that Plaintiff waived his right to a hearing and pled guilty to the misconduct at issue in the June 5, 2011 misconduct ticket, but Defendants fail to cite any evidence in support of that assertion. After searching the record, the only possible support the Court could

---

[1] Plaintiff's retaliation claim encompassed several instances of retaliation by Eicher. The magistrate judge recommended dismissal of this claim in its entirety. Because Plaintiff's objection addresses the magistrate's conclusion as to the June 5, 2011 misconduct ticket only, this Order will address only that portion of the magistrate judge's analysis.

find for Defendants' statement was the misconduct ticket itself, which has a signature in the block for the prisoner to waive a hearing and plead guilty. That document has not been authenticated, however, and the Court has no way of knowing whether Plaintiff actually signed the document. Moreover, Plaintiff asserts that he has never pled guilty to any misconduct. Because Eicher has failed to provide any admissible evidence demonstrating that Plaintiff pled guilty to the misconduct at issue, he has not met his burden of demonstrating that he is entitled to judgment as a matter of law on the retaliation claim.

### *Defendants Brown and Mertaugh*

Plaintiff's claims against Brown and Mertaugh arise from instances in which Plaintiff's legal mail was opened outside his presence. The magistrate judge recommended that the Court dismiss those claims because Plaintiff has not alleged that either Brown or Mertaugh was personally involved in opening his legal mail. Plaintiff objects, arguing that his claims are actually retaliation claims. Plaintiff appears to argue that Brown and Mertaugh mishandled his request to have his legal mail opened in his presence as retaliation for his conflicts with Eicher.

A plaintiff asserting a retaliation claim must allege that (1) he engaged in protected conduct; (2) the defendant took an adverse action against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Even if Plaintiff could satisfy the first two elements, he has not alleged facts demonstrating that the any of the delays at issue were causally related to Plaintiff's conflict with Eicher. Rather, Plaintiff's claim is based on nothing more than speculation. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) ("[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state ... a claim under § 1983.") (internal quotation marks omitted). Accordingly, the Court will dismiss the claims against Brown and Mertaugh.

Therefore,

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge filed July 2, 2105 (dkt. # 84) is adopted in part and rejected in part.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. # 71) is **GRANTED in part** and **DENIED in part**. The retaliation claim against Defendant Eicher will proceed. The remaining claims are **DISMISSED with prejudice.**


Dated: September 11, 2015                              /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE