UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN NUNNALLY,

    Plaintiff,

v.                                                                         Case No. 2:12-cv-378
                                                                       HON. GORDON J. QUIST

UNKNOWN EICHER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff John Nunnally filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. Defendant Eicher is the only remaining Defendant in this case. Defendant Eicher filed a "Renewed Motion For Summary Judgment" (ECF No. 108). On August 19, 2013, a Case Management Order was issued. (ECF No. 21) The order allowed each party to file one motion for summary judgment no later than 28 days after the close of discovery. The order states: "Successive motions for summary judgment will not be permitted without leave of court." PageID. 194.

Defendants, including Defendant Eicher, filed a motion for summary judgment on October 2, 2014. (ECF No. 71). On September 11, 2015, this court dismissed all Defendants except Defendant Eicher. (ECF No. 90). This court found that an issue of fact exists on whether Plaintiff pleaded guilty to a misconduct ticket. Defendant Eicher filed a motion for reconsideration of the Court's order. On December 3, 2015, the Court denied Defendant Eicher's motion. (ECF No. 105).

    The Court explained:

    Plaintiff has alleged a retaliation claim against Eicher based on the issuance of a misconduct ticket to Plaintiff on June 5, 2011. The magistrate judge recommended dismissal of this claim because

> Plaintiff pled guilty to the misconduct at issue in the ticket. In its previous Order, the Court held that, because Eicher failed to provide admissible evidence demonstrating that Plaintiff pled guilty to the misconduct at issue, Eicher failed to meet his summary judgment burden. In his motion for reconsideration, Eicher asserts that he can now provide admissible evidence in the form of an affidavit from Colleen Brown, the prison official who conducted the misconduct hearing at issue. In her affidavit, Brown states that Plaintiff waived his right to a hearing and pled guilty to the charges, and that he signed a document stating as much in her presence.
>
> Plaintiff disputes the facts stated by Brown in her affidavit. Plaintiff asserts that he did not plead guilty at the June 16, 2011 hearing, and that he in fact appealed the findings of that hearing. The matter was then remanded, he asserts, and Brown conducted another hearing on July 1, 2011. Plaintiff has provided the record of the July 1, 2011 hearing. Thus, there appears to be a dispute of fact as to whether Plaintiff pled guilty to the June 5, 2011 misconduct.
>
> Plaintiff's exhibits indicate, however, that Plaintiff was found guilty at the July 1, 2011 hearing. The Sixth Circuit has previously held that "[a] finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim." *Clemons v. Cook*, 52 F. App'x 762, 763 (6th Cir. 2002) (internal quotation marks omitted). Given the conflicts in the evidence, however, the Court cannot say with certainty what the outcome of any misconduct hearing may have been.

PageID.727-728. (note omitted).

This matter is set for trial on June 6, 2016. Despite the orders of this court, Defendant Eicher filed a successive renewed motion for summary judgment on January 4, 2016. (ECF No. 108). Defendant Eicher violated the Case Management Order in this case by failing to seek leave of court prior to filing the successive dispositive motion.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party

opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Eicher continues to assert the identical argument that has been rejected by this Court. Defendant Eicher fails to mention the previous orders of this court and makes no attempt to distinguish his newly filed successive motion from his previously filed motions for summary judgment and for reconsideration of the denial of summary judgment. The Court was aware of the outcome of the July 1, 2011, hearing when it made the previous rulings. In the opinion of the undersigned, for the reasons already explained by this Court, Defendant Eicher's motion should be denied.

In summary, it is recommended that Defendant's motion for summary judgment (ECF No. 108) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: March 2, 2016

        /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE