UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHN NUNNALLY,

       Plaintiff,                                    Case No.  2:12-CV-378

v.                                                       Hon. Gordon J. Quist

JEFFREY WOODS, et al.,

       Defendants.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

On September 11, 2015, the Court entered an order granting in part and denying in part the Report and Recommendation issued by Magistrate Judge Timothy P. Greeley recommending that the Court grant Defendants' motion for summary judgment.  In particular, the Court rejected the portion of the Report and Recommendation pertaining to Defendant Eicher, and ruled that Eicher was not entitled to summary judgment.  Eicher filed a motion for reconsideration of that Order, arguing that he could provide evidence that was lacking in his original motion.  Unfortunately, Eicher failed to provide such evidence with his motion.  Because the Court could not adequately interpret the evidence presented, it denied Eicher's motion, but allowed for him to file a renewed motion.

Eicher filed a renewed motion for summary judgment on January 4, 2016.  The magistrate judge—unaware that the Court had permitted Eicher to deviate from the Case Management Order—recommended that the Court deny Eicher's motion.  Because Eicher has finally provided evidence sufficient to support his factual allegations, the Court will reject that recommendation and grant Eicher's motion.

Plaintiff has alleged a retaliation claim against Eicher based on the issuance of a misconduct ticket to Plaintiff on June 9, 2011.  On July 1, 2011, Colleen Brown held a hearing and found Plaintiff guilty of the alleged misconduct.  (*See* ECF No. 109-2.)  The Sixth Circuit has previously held that "[a] finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim." *Clemons v. Cook*, 52 F. App'x 762, 763 (6th Cir. 2002) (internal quotation marks omitted).  Thus, even if there is an issue of fact as to whether Plaintiff previously pled guilty to the misconduct at issue, that dispute is irrelevant given the ultimate finding of guilt. Any dispute about the ultimate disposition of Plaintiff's television is similarly irrelevant.

Therefore,

**IT IS ORDERED** that the Report and Recommendation issued March 2, 2016 (ECF No. 118) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant Eicher's Motion for Summary Judgment (ECF No. 108) is **GRANTED**.  Plaintiff's claims against Defendant Eicher are **DISMISSED with prejudice**.

This case is concluded.

A separate judgment will issue.


Dated:  March 14, 2016                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE